**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| Tammy Riding, <br><br> Plaintiff, <br><br> – against– <br><br><br> Synchrony Bank, Equifax Information Services, LLC and Trans Union, LLC, <br><br> Defendant(s). | Civil Action No. 1:19-cv-00318 <br><br><br> **COMPLAINT** |

**COMPLAINT**

Plaintiff, Tammy Riding (hereinafter "Plaintiff"), by and through her attorneys, the Law Offices of Robert S. Gitmeid & Assoc., PLLC, by way of Complaint against Defendants Synchrony Bank ("Synchrony"), Equifax Information Services, LLC ("Equifax") and Trans Union, LLC ("Trans Union") alleges as follows:

**INTRODUCTION**

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. (the "FCRA") and other claims related to unlawful credit reporting practices. The FCRA prohibits furnishers of credit information to falsely and inaccurately report consumers' credit information to credit reporting agencies.

1

**PARTIES**

2. Plaintiff, Tammy Riding, is an adult citizen of the state of Illinois domiciled in Addison, IL.

3. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c) of the FCRA.

4. Defendant Synchrony Bank is a corporation business entity organized and existing under the laws of Utah that furnishes consumer credit information to consumer reporting agencies.

5. Defendant Trans Union is a limited liability company organized and existing under the laws of Illinois that engages in the business of maintaining and reporting consumer credit information.

6. Defendant Equifax is a limited liability company organized and existing under the laws of Georgia that engages in the business of maintaining and reporting consumer credit information.

**JURISDICTION AND VENUE**

7. This Court has jurisdiction over Defendants because Defendants are either domiciled in Illinois and/or continuously do business in Illinois.

8. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because the rights and obligations of the parties in this action are defined by 15 U.S.C. § 1681 and pursuant to 15 U.S.C. § 1681p, which provides that an action to enforce any liability created under 15 U.S.C. § 1681 may be brought in any appropriate United States district court, without regard to the amount in controversy.

9. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in Illinois.

## FACTUAL ALLEGATIONS

10. Defendant Synchrony issued a credit card account ending in 6934 to Plaintiff; the account was routinely reported on Plaintiff's consumer credit report.

11. The consumer report at issue is a written communication of information concerning Plaintiff's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or for the purpose of serving as a factor in establishing the consumer's eligibility for credit to be used primarily for personal, family, or household purposes as defined by 15 U.S.C. § 1681a(d)(1) of the FCRA.

12. On or about July 14, 2017, Plaintiff and Synchrony, entered into a settlement agreement for the above referenced account. A recoding of the settlement agreement is available upon request.

13. Pursuant to the terms of the settlement, Plaintiff was required to make three (3) monthly payments totaling $613.24 to settle and close her Synchrony account.

14. Plaintiff, via counsel, timely made the requisite settlement payments. Proofs of these payments are attached herein as Exhibit A.

15. However, Plaintiff's Synchrony account continues to be negatively reported.

16. In particular, on a requested credit report dated October 31, 2018, Plaintiff's Synchrony account was reported with a status of "CHARGE OFF," a balance of $2,199.00 and a past due balance of $660.00. The relevant portion of Plaintiff's credit report is attached herein as Exhibit B.

17. This trade line was inaccurately reported. As evidenced by the settlement agreement and proofs of payments, the account was settled with a $0 balance and must be reported as such.

18. Plaintiff notified Defendants directly of a dispute on the Synchrony account's completeness and/or accuracy. This letter and the certified mail receipts are attached herein as <u>Exhibit C</u>.

19. Therefore, Plaintiff disputed the accuracy of the derogatory information reported by Synchrony to the Consumer Reporting Agencies, via certified mail in accordance with 15 U.S.C. § 1681i of the FCRA.

20. In January of 2019, Plaintiff requested an updated credit report from Defendant credit reporting agencies. The trade line for the Synchrony account in question remained the same as it was reported on the October 2018 credit report, as Defendants failed to correct the inaccuracy. The January 2019 credit report is attached herein as <u>Exhibit D</u>.

21. Trans Union and Equifax did not notify Synchrony of the dispute by Plaintiff in accordance with the FCRA, or alternatively, did notify Synchrony and Synchrony failed to properly investigate and delete the trade line or properly update the trade line on Plaintiff's credit reports.

22. If Synchrony did perform a reasonable investigation of Plaintiff's dispute, Plaintiff's Synchrony account would be updated to reflect a settled status with a $0 balance.

23. Synchrony has promised through its subscriber agreements or contracts to accurately update accounts, but Synchrony has nonetheless willfully, maliciously, recklessly, wantonly, and/or negligently failed to follow this

requirement as well as the requirements set forth under the FCRA, which has resulted in the intended consequences of this information remaining on Plaintiff's credit reports.

24. Defendants failed to properly maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit information and Plaintiff's credit report, concerning the account in question, thus violating the FCRA. These violations occurred before, during, and after the dispute process began with Trans Union and Equifax.

25. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendants herein.

26. At all times pertinent hereto, the conduct of Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

## CLAIM FOR RELIEF

27. Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

28. Trans Union is a "consumer reporting agency" as codified at 15 U.S.C. § 1681a(f).

29. Equifax is a "consumer reporting agency" as codified at 15 U.S.C. § 1681a(f).

30. Synchrony is an entity who, regularly and in the course of business, furnishes information to one or more consumer reporting agencies about its transactions

or experiences with any consumer and therefore constitutes a "furnisher," as codified at 15 U.S.C. § 1681s-2.

31. Synchrony is reporting inaccurate credit information concerning Plaintiff to one or more credit bureaus as defined by 15 U.S.C. § 1681a of the FCRA.

32. Plaintiff notified Defendants directly of a dispute on the account's completeness and/or accuracy, as reported.

33. Synchrony failed to complete an investigation of Plaintiff's written dispute and provide the results of an investigation to Plaintiff and the credit bureaus within the 30-day statutory period as required by 15 U.S.C. § 1681s-2(b).

34. Synchrony failed to update Plaintiff's credit report and/or notify the credit bureaus that the Synchrony account in question was disputed in violation of 15 U.S.C. § 1681s-2(b).

35. Synchrony failed to promptly modify the inaccurate information on Plaintiff's credit report in violation of 15 U.S.C. § 1681s-2(b).

36. Trans Union and Equifax failed to delete information found to be inaccurate, reinserted the information without following the FCRA, or failed to properly investigate Plaintiff's disputes as required by 15 U.S.C. § 1681i(a).

37. Trans Union and Equifax failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, concerning the account in question, violating 15 U.S.C. § 1681e(b).

38. As a result of the above violations of the FCRA, Plaintiff suffered actual damages in one or more of the following forms: lower credit score, denial of credit, embarrassment and emotional distress caused by the inability to obtain financing for everyday expenses, rejection of credit card application, higher

interest rates on loans that would otherwise be affordable and other damages that may be ascertained at a later date.

39. As a result of the above violations of the FCRA, Defendants are liable to Plaintiff for actual damages, punitive damages, statutory damages, attorney's fees and costs.

**WHEREFORE**, Plaintiff demands that judgment in the sum of $45,000.00 be entered against Defendants as follows:

1. That judgment be entered against Defendants for actual damages pursuant to 15 U.S.C. § 1681n or alternatively, 15 U.S.C. § 1681o;

2. That judgment be entered against Defendants for punitive damages pursuant to 15 U.S.C. § 1681n;

3. That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n or alternatively, 15 U.S.C. § 1681o; and

4. That the Court grant such other and further relief as may be just and proper.

Respectfully Submitted,

_/s/ Alexander Mikulaschek_
Alexander J. Mikulaschek, Esq.
Attorney for Plaintiff
Law Offices of Robert S.
Gitmeid & Assoc., PLLC
11 Broadway, Suite 960
New York, NY 10004
Tel: (773) 869-5400
Fax: (212) 428-6808
Alexander.M@gitmeidlaw.com